IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CORY MILO GRIFFIS,[1] | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-176 |
| | ) | (Formerly CR 114-027) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**
_____

Before the Court is Petitioner's motion to file under seal the psychological evaluation of Petitioner by Mark P. Vigen, Ph.D., and Laura Beliech Harris, pursuant to Local Rule 79.7. (Doc. no. 3.) Petitioner is filing this evaluation in support of his motion filed pursuant to 28 U.S.C. § 2255. As discussed below, good cause exists to permanently seal the psychological evaluation from the public record.

**I.   LEGAL STANDARD**

Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." "The permanent sealing of a Court record is not preferred and should be sought

---

[1] The CLERK is directed to change Petitioner's name from Corey Milo Griffis to "Cory Milo Griffis."

only where temporary sealing is not adequate to protect the interest at stake." Loc. R. 79.7(e).

As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "the operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations omitted). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other part[ies'] interest in keeping the information confidential." Id. (quoting Chicago Tribune v. Bridgestone/Firestone, 263 F.3d 1304, 1313 (11th Cir. 2001) (*per curiam*)). When balancing these interests, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Id. at 1246.

The parties' desire to seal court documents "is immaterial to the public right of access." Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992). In the absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must " review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record."

2

Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

## II. DISCUSSION

Upon review, the psychological evaluation details the private lives of individuals who are not parties to the case. Leaving the evaluation unsealed would harm the legitimate privacy interests of these individuals, and would likely result in injury to these individuals. See Romero, 480 F.3d at 1246. Consequently, Petitioner has shown good cause to permanently seal the psychological evaluation. See Chicago Tribune, 263 F.3d at 1313 (balancing right of access with privacy interests).

Therefore, the Court **GRANTS** Petitioner's motion to seal, (doc. no. 3), and **DIRECTS** the Clerk to permanently seal the psychological evaluation from the public record. Petitioner's original motion to seal, (doc. no. 2), is **DENIED** as **MOOT**.

SO ORDERED this 4th day of December, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA